## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2020

Lyle W. Cayce
Clerk

No. 19-50885
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID MCDANIEL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-14-1

Before HIGGINBOTHAM, HO and ENGELHARDT, Circuit Judges.

PER CURIAM:*

David McDaniel pleaded guilty to conspiring to distribute methamphetamine and received a below-guidelines sentence to 188 months in prison and 3 years of supervised release. On appeal, he argues that the district court erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on his possession of a handgun. McDaniel was arrested in a motel room in which officers found the gun in question, a piece of methamphetamine

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50885

weighing 6.1 grams, and methamphetamine and marijuana residue; police also found a small bag on McDaniel's person containing various pills.

A district court's application of § 2D1.1(b)(1) is a factual finding reviewed for clear error, and a factual finding "is not clearly erroneous if it is plausible, considering the record as a whole." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). Section 2D1.1(b)(1) provides for a two-level enhancement if a firearm or other dangerous weapon "was possessed" during a drug trafficking offense. § 2D1.1(b)(1). We have held that for this enhancement to be applied, the Government must establish the defendant's possession of a dangerous weapon by a preponderance of the evidence, which it may do by showing "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. King*, 773 F.3d 48, 53 (5th Cir. 2014) (internal quotation marks and citation omitted). "Under this standard, the Government must show that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016) (internal quotation marks and citation omitted). If the Government carries this burden, the defendant can avoid the enhancement only by showing it is "clearly improbable that the weapon was connected with the offense." *Id.* (internal quotation marks and citation omitted).

McDaniel does not dispute that he was found in possession of both methamphetamine and a firearm during the time the conspiracy was operative. Although the quantity of the methamphetamine may have been consistent with personal use, as McDaniel argues, he has not shown that this is inherently problematic under our caselaw. *Cf. United States v. Akins*, 746 F.3d 590, 610 (5th Cir. 2014). Nor are we convinced that to associate the gun with his offense is implausible under the circumstances. As McDaniel

2

No. 19-50885

produced no rebuttal evidence showing that such an association is clearly improbable, we accordingly conclude that the district court did not clearly err by applying the enhancement.

AFFIRMED.